UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. **00-6325**

18 U.S.C. §1001
18 U.S.C. §1014
18 U.S.C. §1029
18 U.S.C. §1344

CR - DIMITROULEAS

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )
                            )
-vs-                        )
                            )
EVERTON LINCOLN LANGLEY,    )
                            )
            Defendant.      )
_____)

### INDICTMENT

The Grand Jury charges that:

#### GENERAL ALLEGATIONS

At all times material to this indictment:

1. First National Bank of South Miami (hereinafter "FNBSM"), located at 5750 Sunset Drive, Miami, Florida, was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (hereinafter "FDIC").

2. Braman Honda, located at 7000 Coral Way, Miami, Florida, sold new and used automobiles. FNBSM provided financing to qualified purchasers of automobiles from Braman Honda.



COUNT 1

3. The general allegations in paragraphs numbered one through two inclusive are realleged and expressly incorporated herein.

SCHEME AND ARTIFICE TO DEFRAUD

4. On or about May 4, 1999, in the Southern District of Florida and elsewhere, the defendant,

EVERTON LINCOLN LANGLEY,

did knowingly and willfully devise a scheme and artifice to defraud FNBSM, and to obtain moneys, funds and assets owned by and under the custody and control of FNBSM by means of false and fraudulent pretenses, representations, and promises.

5. It was part of the scheme and artifice to defraud that the defendant, EVERTON LINCOLN LANGLEY, obtained moneys for a car loan from FNBSM by producing false identification documents and by claiming on the loan application documents that he was "Franklyn Langley."

6. It was further a part of the scheme and artifice to defraud that the defendant, EVERTON LINCOLN LANGLEY, used the moneys fraudulently obtained from FNBSM to purchase a 1997 Toyota Camry automobile.

All in violation of Title 18, United States Code, Section 1344 and 2.

Count 2

1. The general allegations in paragraphs numbered one through two inclusive are realleged and expressly incorporated herein.

2. On or about May 4, 1999, in the Southern District of Florida and elsewhere, the defendant,

EVERTON LINCOLN LANGLEY,

knowingly and willfully made a materially false statement with the intent to influence the action of FNBSM, the deposits of which were insured by the FDIC, in connection with a loan, in that the defendant produced false identification documents and claimed on the loan application documents that he was "Franklyn Langley", when in truth and in fact, as the defendant well knew, that his true identity was Everton Lincoln Langley.

All in violation of Title 18, United States Code, Section 1014.

COUNT 3

From on or about January 8, 2000, until the return of this indictment, in the Southern District of Florida and elsewhere, the defendant,

EVERTON LINCOLN LANGLEY,

knowingly, willfully, and with intent to defraud, used one or more unauthorized access devices, to wit: a Burdines credit card and a Macy's credit card in the name of Franklyn Langley, during

3

a one-year period, and by such conduct obtained things of value aggregating $1,000 and more during that period, affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### Count 4

On or about June 12, 2000, in Broward County in the Southern District of Florida, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, the defendant,

EVERTON LINCOLN LANGLEY,

did knowingly and willfully make false, fraudulent and fictitious material statements and representations to the Federal Bureau of Investigation, that is, the defendant stated that it was his brother Franklyn Langley who obtained a mortgage on a residence at 206 Lake Point Drive, Oakland Park, Florida, and that it was his brother Franklyn Langley who obtained a loan to purchase a

1997 Toyota Camry automobile, knowing the same to be false; that is that Franklyn Langley does not exist and that it was the defendant who obtained the mortgage and automobile loan.

All in violation of Title 18, United States Code, Section 1001.

A TRUE BILL

_____
FOREPERSON

_____
for GUY A. LEWIS
UNITED STATES ATTORNEY

_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**          CASE NO. _____

v.

**EVERTON LINCOLN LANGLEY**          **CERTIFICATE OF TRIAL ATTORNEY***

**Court Division**: (Select One)

**Superseding Case Information**:
New Defendant(s)      Yes ___   No ___
Number of New Defendants    ___
Total number of counts       ___

___ Miami  ___ Key West
_X_ FTL    ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) _No_____
   List language and/or dialect _____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                            (Check only one)

   I    0 to 5 days       _X_       Petty       ___
   II   6 to 10 days      ___       Minor       ___
   III  11 to 20 days     ___       Misdem.     ___
   IV   21 to 60 days     ___       Felony      _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____     Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?(Yes or No) ____No_____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers:_____
   Defendant(s) in federal custody as of_____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) ____No_____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No  If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

Laurence M Bardfeld
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 712450

**THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:**

DEFENDANT'S NAME: _____ Everton Lincoln Langley _____

ALIAS: _____

LAST KNOWN RESIDENCE: _____

LAST KNOWN EMPLOYMENT: _____

PLACE OF BIRTH: _____

DATE OF BIRTH: _____

SOCIAL SECURITY NUMBER: _____

HEIGHT: _____ WEIGHT: _____

SEX: _____ RACE: _____

HAIR: _____ EYES: _____

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS: _____

_____

_____

FBI NUMBER: _____

COMPLETE DESCRIPTION OF AUTO: _____

_____

_____

INVESTIGATIVE AGENCY AND ADDRESS: _____

_____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# **PENALTY SHEET**

Defendant's Name: EVERTON LINCOLN LANGLEY     No.:_____

Counts # I:
Bank Fraud; 18 USC 1344

*Max Penalty: Thirty (30) years' imprisonment; $1,000,000

Counts # :2

False Statement on a Loan and Credit Application; 18 USC 1014

*Max Penalty: Thirty (30) years' imprisonment; $1,000,000

Count #: 3

Credit Card Fraud; 18 USC 1029

*Max Penalty: Ten years' imprisonment; $250,000 fine

Count #: 4

False Statements; 18 USC 1001

*Max Penalty: Five years' imprisonment; $250,000

Count # :

*Max Penalty: _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96