UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6325-CR-DIMITROULEAS

UNITED STATES OF AMERICA )
)
)
v. )
)
)
EVERTON LINCOLN LANGLEY, )
)
Defendant. )
_____ )

**NIGHT BOX
FILED**

DEC 2 6 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing
Discovery Order. This response also complies with Local Rule 88.10
and Federal Rule of Criminal Procedure 16, and is numbered to
correspond with Local Rule 88.10.

    A.  1.  The government is unaware of any written or
            recorded statements made by the defendant.

        2.  That portion of the written record containing the
            substance of any oral statement made by the
            defendant before or after arrest in response to
            interrogation by any person then known to the
            defendant to be a government agent is attached.

            The following is the substance of an oral statement
            made by the defendant before or after arrest in
            response to interrogation by any person then known
            to the defendant to be a government agent which the
            government intends to use at trial: LANGLEY was
            asked who Franklyn Langley was and he replied that
            it was his brother. LANGLEY stated that his
            brother Franklyn had bought the car for him to use
            and that he, not Franklyn, was the primary user of
            the car. LANGLEY also stated that he lived with

his brother and that they had tried to open a business together.

3.    No defendant testified before the Grand Jury.

4.    The defendant has no prior arrests or convictions that the United States is aware of at this time.

5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.    This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.   The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.   The defendant was identified in driver's license bearing the name "Franklyn Langley" by a brother who indicated that the picture was of EVERTON LANGLEY.

G.   The government has advised its agents and officers involved in this case to preserve all rough notes.

H.   The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). The United States informs the defendant that the defendant utilized the identity of his fictional brother "Franklyn Langley", using a fraudulent driver's license and/or identification card, in order to secure a mortgage on his residence located at 206 Lake Pointe Drive, Oakland Park Boulevard.

I.   The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.   The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.   No contraband is involved in this indictment.

L.   The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.   The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

3

N.        To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.        At the discovery conference scheduled above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

               Time:  See Indictment
               Date:  See Indictment
               Place: See Indictment

                              Respectfully submitted,

                              GUY A. LEWIS
                              UNITED STATES ATTORNEY

          By:

                              Laurence M. Bardfeld, AUSA
                              Florida Bar No. 712450
                              500 E. Broward Blvd., # 700
                              Fort Lauderdale, Florida 33394
                              Tel: (954) 356-7255, ext. 3510
                              Fax: (954) 356-7336

cc:  SA Geoff Swinnerton, FBI
     Det. Brad Stephenson, BSO

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand delivered this 27th day of December, 2000, to: Brad Goldbloom, Esquire, 200 SE 6th Street, Suite 201, Fort Lauderdale, FL 33301.

Laurence M. Bardfeld
Assistant United States Attorney

5